LOVEE D. SARENAS, SBN. 204361
    E-Mail: lovee.sarenas@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant Crystal Property
Management, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>EDWARD LEON GUY, III,<br><br>Debtor.<br><br>EDWARD LEON GUY, III,<br><br>Plaintiff,<br><br>v.<br><br>CRYSTAL PROPERTY MANAGEMENT, INC., a California Corporation; MANLEY HENRY, an individual; GAYNELLE HENRY, an individual; MELVILLE APARTMENTS, an unknown business entity; THE HENRY FAMILY TRUST; and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No.: 2:18-BK-14843-VZ<br><br>Chapter 13<br><br>Adv. No.: 2:18-ap-01140-VZ<br><br>**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), (5) AND (6); OR, ALTERNATIVELY, FOR ABSTENTION UNDER 28 U.S.C. § 1334(b)**<br><br>Date:   October 4, 2018<br>Time:   11:00 a.m.<br>Place:   Courtroom 1368<br>          255 E. Temple Street<br>          Los Angeles, CA 90012 |

**TO THE HONORABLE VINCENT ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, PLAINTIFF AND HIS COUNSEL OF RECORD, IF ANY, AND INTERESTED PARTIES:**

    Defendant Crystal Property Management, Inc. ("Defendant"), hereby moves this Court, the Honorable Bankruptcy Judge Vincent Zurzolo in Courtroom 1368, 255 E. Temple Street, Los Angeles CA 90012, to dismiss with prejudice, the first amended complaint ("FAC") filed in the

4813-1609-8673.1

1

above-referenced adversary proceeding ("Motion") for its failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) and (6) made applicable in adversary proceedings pursuant to the Federal Rule of Bankruptcy Procedure ("FRBP") 7012 and, to dismiss for improper service of process pursuant to FRCP 12(b)(5) and 4(h) made applicable in the adversary proceeding pursuant to FRBP 7004 and 7012. Alternatively, Defendant moves the bankruptcy court to abstain from hearing this matter under 28 U.S.C. § 1334.

This Motion is based on the following Memorandum of Points and Authorities, accompanying declarations that are incorporated herein, the Court's files and record in this adversary proceeding and related chapter 13 case, and such other argument as may properly come before the Court at any hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

In lieu of filing an answer to the FAC, Defendant seeks a dismissal of the FAC filed by the Plaintiff EDWARD LEON GUY, III, the Debtor in the above captioned Chapter 13 case, ("Plaintiff") and submits this memorandum in support of its Motion pursuant to FRCP 12(b)(1), (6) and, alternatively FRCP 12(b)(5), each made applicable by FRBP 7012.

The FAC alleges the same seven causes of action as the original complaint: (1) conversion; (2) intentional misrepresentation; (3) violation of California Civil Code 1950.05 et seq.; (4) unfair and deceptive business practices; (5) breach of implied covenant of good faith and fair dealing; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. Defendant seeks a dismissal of the FAC because all claims asserted therein are non-core state law claims to which the bankruptcy court does not have subject-matter jurisdiction and cannot grant relief pursuant to 28 U.S.C. §§ 157 and 1334 without the Defendant's consent. Alternatively, the Court should abstain from hearing and entering a judgment in this proceeding as required by § 1334 of Title 28.

Sufficient grounds exist to grant the Motion. First, the claims asserted by Plaintiff in the adversary proceeding are non-core and Defendant does not consent to the entry of a final judgment on the merits of the underlying causes of action by the bankruptcy judge presiding in the case. Thus, dismissal is appropriate under Rule 12(b)(1) as the court lacks subject-matter jurisdiction to hear this proceeding.

Second, service on Defendant was improper and the period within which Plaintiff must serve Defendant has passed. Defendant does not waive its right to proper service and asserts Plaintiff's insufficient and defective service of process supports dismissal. As with the original summons and complaint, Plaintiff has failed to serve the Defendants with the FAC properly.

Lastly, Defendant asserts dismissal under Rule 12(b)(6) is appropriate as the factual averments of the FAC for each of the seven causes of action asserted fall short of demonstrating a plausible claim for relief under established Rule 12(b)(6) precedent. On these grounds, dismissal of the FAC with no leave to amend is warranted.

## II.

## STATEMENT OF FACTS

Defendant is the management company that manages the day to day operations of the apartment complex known as the Melville Apartments ("Melville Complex"). On or about December 14, 2014, Plaintiff entered into an agreement to lease an apartment ("Premises") at the Melville Complex. FAC ¶ 11. Plaintiff was required, pursuant to the terms of the lease, to pay a security deposit of nine hundred dollars ($900.00). *Id.*

On or about February 15, 2018, Plaintiff moved out of the Premises upon the termination of his lease. FAC ¶12. According to the FAC, on or about March 7, 2018, Defendant sent to Plaintiff a "Refund Report" which provided for an accounting of the expenses incurred by Defendant that are charged against Plaintiff's security deposit as provided under the lease and by applicable law. FAC ¶13. The Refund Report shows the charges incurred relating to the cleaning and repair of the Premise in order to make it ready to be re-let to a new tenant and unpaid rent owing to the Defendant. FAC, Ex. A.

On April 27, 2018, Plaintiff sought bankruptcy protection under chapter 13 of the Bankruptcy Code. On May 8, 2018, Plaintiff commenced the above captioned adversary proceeding case against several parties, including the Defendant. Service of the original summons and FAC was defective and the Court denied the Plaintiff's request to enter default against all defendants. [Docket No. 5.] The Court issued another summons ("Alias Summons") on July 26, 2018 upon the Plaintiff's request. [Docket No. 8.] The last day to serve the Alias Summons was August 2, 2018. Pursuant to the Alias Summons, the last day to file a responsive pleading to the original complaint was August 27, 2018. Service of the Alias Summons and Complaint was improper.

On August 27, 2018, Defendant filed its Motion to Dismiss Adversary FAC Pursuant to Federal Rule of Civil Procedure 12(b)(1), (5) and (6); or Alternatively, for Abstention under 28 U.S.C. § 1334(b) in lieu of filing an answer to the complaint ("First MTD"). [Docket No. 10.] The First MTD sought dismissal of the original complaint with no leave to amend based on lack of subject-matter jurisdiction, mandatory abstention, insufficient service of process, and failure to state a claim. On the same day, the Debtor filed his First Amended Complaint for Damages asserting virtually identical causes of action as the original complaint. [Docket No. 14.] The FAC failed in its attempt to cure the defects of the original complaint. This motion to dismiss the FAC is now filed in response thereto.

## III.

## DISCUSSION

**A. The Bankruptcy Court lacks jurisdiction to enter a final judgment in this adversary proceeding.**

Rule 12(b)(1) permits the dismissal of an action if the court lacks subject-matter jurisdiction. Pursuant to 28 U.S.C. § 157(b)(1),

> [b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

Section 157(b) lists the proceedings considered "core" for purposes of exercising jurisdiction over a dispute. 28 U.S.C. § 157(b)(2). None of the causes of action averred in the FAC fall within the types of core proceedings listed under § 157(b)(2) upon which the bankruptcy court can assert jurisdiction. Similarly, the causes of action pled in the FAC are not within the purview of FRBP 7001.

The FAC's seven causes of action do not invoke federal law and federal jurisdiction cannot be established but for the existing bankruptcy case. There is no diversity between the parties that would allow the action to be commenced independently in federal court. Defendant is incorporated in California and the Plaintiff resides in California.

The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). The FAC erroneously asserts jurisdiction pursuant to 28 U.S.C. § 157(b)(1) as a core proceeding "in that the *action arises under* the chapter 13 bankruptcy case." FAC ¶ 7 (emphasis added). The Court can only exercise jurisdiction on any proceeding "arising under title 11" or "arising in or related to a case under title 11". 11 U.S.C. § 157(a). None of the claims asserted in the FAC pertains to any right granted by the Bankruptcy Code to establish "arising under title 11" jurisdiction. Equally missing in this proceeding is jurisdiction "arising in a case under title 11". The phrase "arising in a case under title 11" means primarily those administrative proceedings that, while not based on any right created by title 11, nevertheless have no existence outside of bankruptcy. *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 909 (9th Cir. BAP 1999) (citations omitted). The state law claims asserted in the FAC can be pursued without the Debtor's existing bankruptcy case.

Before the Court is a non-core, "related to" proceeding with no independent basis for exercising federal jurisdiction. While § 157(c)(1) permits bankruptcy courts to hear non-core, "related to" proceedings, the Court cannot enter a final judgment on the merits of the underlying action. Section 157(c)(2) is equally inapplicable here without the required consent from the Defendant. *See e.g. Wellness Intern. Network, Ltd. v. Sharif,* ___U.S.___, 135 S.Ct. 1932, 1940-42, 191 L.Ed.2d 911, 918-919 (2015). Defendant does not consent to the bankruptcy judge

determining and entering judgments on the merits of the underlying causes of action. Accordingly, the action should be dismissed for lack of subject matter jurisdiction.

**B. Mandatory abstention in this adversary proceeding is appropriate in this instance.**

Section 1334(c)(2) of Title 28 requires

> "[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Emphasis added.

Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal. . . ." 28 U.S.C. § 1334(d). Mandatory abstention requires: (1) A timely motion; (2) a purely state law question; (3) a non-core proceeding under § 157(c); (4) a lack of independent federal jurisdiction absent the petition under title 11; (5) that an action is commenced in a state court; (6) the state court action may be timely adjudicated; (7) a state forum of appropriate jurisdiction exists. 28 U.S.C. §1334(c)(2); *Certain Underwriters at Lloyds, Syndicates 2623/623 v. GACN, Inc. (In re GACN, Inc.)*, 555 B.R. 684, 694 (9th Cir. BAP 2016).

Here, the motion for abstention is made timely prior to the filing of an answer in the case. All causes of action asserted in the FAC are non-core state law claims that can be competently and timely adjudicated by the state court. The FAC could not have been commenced in the bankruptcy court but for the Plaintiff's chapter 13 case. Contrary to the FAC's assertion, §1334(e) is inapplicable to this proceeding as the FAC does not involve 11 U.S.C. § 327 or the administration of property of the bankruptcy estate. *See* FAC ¶9. As such, the state court is the appropriate forum to hear Plaintiff's complaint and not the bankruptcy court.

At this time, it does not appear that the Plaintiff has a pending state court action against the Defendants. However, whether the state court could timely adjudicate the dispute is not, alone, dispositive here. The most important considerations in making the timeliness determination are the circumstances surrounding the bankruptcy case and the urgency of resolving the dispute

presented by those circumstances. *In re GACN, Inc.*, 555 B.R. at 699. The rights asserted in the FAC does not have any conceivable impact on the bankruptcy case. The Plaintiff is in chapter 13 where the claim, even as property of the bankruptcy estate, remains with the Plaintiff. 11 U.S.C. §1306(b). The outcome of the proceeding has no bearing on the Plaintiff's chapter 13 plan that is administered and implemented by the chapter 13 trustee and that is funded by the Plaintiff's future income and not by a favorable judgment in this proceeding. *See* Debtor's Amended Plan, Part 2 § 1.C. [Main Case Docket No. 17]. As such, having a state court adjudicate the dispute will not have an adverse impact in the administration of the bankruptcy case.

More importantly, the bankruptcy court's role in a "related to" proceeding is limited to making findings and recommendations to the district court for its review and entry of a final judgment. Given that there is no definite time period for the district court to review §157(c)(1) proceedings, such a delay cannot be more favorable than a state court, equipped with jurisdiction and capacity to decide such actions, adjudicating the claims to final judgment.

Based on the foregoing, mandatory abstention under § 1334(c)(2) is appropriate in this case. The Court should abstain from hearing this proceeding at this time.

### A. The FAC should be dismissed pursuant to FCRP 12(b)(5).

To the extent the Court finds that abstention or dismissal of the FAC in its entirety is not warranted under § 1334(c)(2) and Rule 12(b)(1), Defendant would submit the FAC should be dismissed for improper service pursuant to FCRP 12(b)(5).

Plaintiff filed the original complaint on May 8, 2018 [Docket #1]. Summons was issued on May 10, 2018 [Docket #2]. On May 24, 2018, Plaintiff filed a Proof of Service but failed to attach a conformed copy of the executed Service of Summons to the Proof of Service and thus, default was not entered [Dockets #3 & 4]. On July 26, 2018, Plaintiff requested an Alias Summons to be issued [Docket #7]. An Alias Summons was issued the same day [Docket #8]. On August 3, 2018, Plaintiff filed a Proof of Service wherein it is stated that the "Order Setting Procedures for Adversary Proceedings Status Conferences. Complaint" were served by United States Mail on July 30, 2018. [Docket #9.] The proof of service does not indicate that the Alias Summons was served and therefore, service is defective.

On August 2, 2018, the last day to serve the Alias Summons, Defendant received a facsimile copy of the original complaint and Alias Summons. Neither FRBP 7004(b)[1] nor FRCP 4(h)[2] (made applicable to this adversary proceeding pursuant to FRBP 7004) provides that service of process may be done through electronics means via facsimile. As such, Defendant submits that the service on it was improper as it was not made in accordance with the provisions of FRBP 7004(b) or FRCP 4(h). Because Plaintiff failed to serve Defendant (and in fact, all defendants) properly pursuant to FRBP 7004(b) or FRCP (4)(h) and that the period within which Plaintiff must serve Defendant has run, Defendant argued in its First MTD that this proceeding should be dismissed pursuant to FRCP 12(b)(5) for insufficiency of process.

On August 27, 2018, Plaintiff filed his FAC. However, as of the filing of this Motion, the Plaintiff has neither served the defendants with the FAC nor has he filed a proof of service evidencing that the FAC was served upon the defendants. With this Motion, the Defendant is not waiving its right to proper service. In view of the continued failure to serve the defendants properly in this adversary proceeding and the expiration of the deadline of Rule 4(m), dismissal of the proceeding under Rule 12(b)(5) is appropriate at this time.

### B. The FAC lacked facts to support the various causes of action asserted therein.

Alternatively, Defendant seeks dismissal of the FAC as the facts stated therein do not support the various causes of action alleged in the FAC under Rule 12(b)(6).

#### a. Legal Standards under Rule 12(b)

A complaint must be dismissed under Rule 12(b)(6) if it fails to state a claim "upon

---

[1] FRBP 7004(b) provides, in pertinent part that service upon a domestic corporation may be done by "mailing a copy of the summons and complaint to the attention of an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent."

[2] FRCP 4(h) provides, in pertinent part, that a domestic corporation may be serviced "(A) in a manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

FRCP 4(e)(1) provides, in pertinent part, an individual may be served by "(1) following state law for serving a summons in an action brought in court of general jurisdiction in the state where the district court is located or where service is made; or (2)(A) delivering a copy of the summons and of the complaint to the individual personally... (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

which relief can be granted." To overcome a motion to dismiss, the averments of the complaint must contain sufficient factual matter, which, if accepted as true will state a claim for relief that is plausible on its face. *Bell Atlantic Corp. et al. v. William Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal, et al.*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S.Ct. at 1949, citing *Twombly*, 550 U.S. at 556. The factual allegations in the complaint must be sufficient to raise a plaintiff's right to relief above a "speculative level." *Twombly*, 550 U.S. at 555; *Davis v. HSBC Bank Nevada*, 691 F.3d 1152, 1159 (9th Cir. 2012). Twombly "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Limestone Dev. Corp. v. Vill. Of Lemont, Ill.*, 520 F.3d 797, 802-03 (7th Cir. 2008) (citation omitted). Only those claims that state a plausible claim for relief survive a motion to dismiss. *Iqbal*, 129 S.Ct. at 1950, *citing Twombly*, 550 U.S. at 556.

The FAC fails to plead the requisite facts to support the causes of action alleged. Instead, the FAC alleges conclusory statements without factual support. The claims fail as a matter of law because Plaintiff failed to plead sufficient facts to establish the elements of the causes of action he alleges.

### b. **Plaintiff failed to state a claim for conversion.**

Plaintiff's first cause of action asserts a claim for conversion. Conversion is the wrongful exercise of dominion over the property of another. *Burlesci v. Petersen*, 68 Cal. App. 4th 1062 (1998). The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. *Id.* However, "money cannot be the subject of an action for conversion unless a specific sum capable of identification is involved, it is not necessary that each coin or bill be earmarked." *Weiss v. Marcus*, 51 Cal. App. 3d 590 (1975).

The FAC fails to plead sufficient facts in support of each element for a claim of conversion. Particularly, Plaintiff fails to alleged his ownership or right to the possession of the deposit, or any portion thereof and any wrongful act from which a plausible claim for conversion

could arise.

Once a deposit is paid, Plaintiff, as the tenant, was no longer in possession of the deposit and only retains a reversionary interest to the net amount of the deposit remaining, if any, after charges are made against it pursuant to the terms of the lease. Plaintiff admits that he was provided with the Refund Report which showed an accounting of the particular expenses charged against the deposit, including charges of $225 "to clean the Premises" and $547.15 "for repair costs which included the cost of a replacement stove," as well as "unpaid rent." FAC ¶¶ 26, 37. The FAC failed to set forth any wrongful act or disposition of Plaintiff's rights to the security deposit that can demonstrate a plausible claim for conversion.

Plaintiff claims in a conclusory fashion that he is entitled to the return of the full amount of his deposit by asserting that the Refund Report was "falsely prepared" and that Defendant "acted with purpose and desire to intentionally interfere with Plaintiff's property." FAC ¶ 20. The FAC does not provide any facts demonstrating that a particular expense charged against his deposit is false. Furthermore, the FAC fails to plead facts to establish a specific sum of the deposit that is due to be returned to Plaintiff; indeed Plaintiff simply summarily concludes that the entire amount of the deposit is his property.

Plaintiff's conclusory statements cannot survive a FRCP 12(b)(6) challenge. The Supreme Court in *Iqbal* explains that a claim only has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678-79. Since Plaintiff failed to plead facts to establish he has ownership or right to the return of any portion of the deposit and that any wrongful act was taken by the Defendant, the First Cause of Action for conversion should be dismissed with no leave to amend.

    c. **Plaintiff fails to state a claim for intentional misrepresentation.**

Actions that allege fraud must meet a higher standard of pleadings. See FRCP 9(b). FRCP 9(b), made applicable in this proceeding pursuant to FRBP 7009, requires that "a party must state with particularity the circumstances constituting fraud." *Id.*

For the claim of intentional misrepresentation, the FAC claims that "defendants

knew all along that their allegations were false and that they never incurred two hundred twenty-five dollars ($225.00) to clean the Premises; or five hundred forty seven dollars fifteen cents ($547.15) for repair costs; and failed to include the sum of seven hundred thirty seven dollars ($737.00) received from the government on behalf of Plaintiff." FAC ¶ 27. The statement is conclusory and speculative and does not meet the particularity standards required under FRCP 9(b). The FAC does not describe any facts to support the conclusions that the cleaning expenses of $225 or the $547.15 for repair costs were "never incurred." Similarly, there were no facts in the FAC to show that the Defendant did not incur the expenses set forth in the Refund Report or facts surrounding the purported government payment to the Defendant.

Furthermore, Plaintiff alleges that "defendants provided the Refund Report to Plaintiff in an effort to gain Plaintiff's reliance on their accounting" and that "[a]s a result of the misrepresentations in the Refund Report... Plaintiff has had to file this bankruptcy case including the filing fees associated with filing this case...." FAC ¶¶ 28 and 31. Additionally, Plaintiff alleges that "[h]ad it not been for the defendants intentionally alleging to have property rights to Plaintiff's security deposit, Plaintiff would have never suffered the damages he suffered as a result of the defendants' actions." FAC ¶ 32.

Plaintiff also failed to aver facts that would support he relied on the "false" Refund Report that caused him to file bankruptcy. If the Refund Report were found to be true and accurate, which Defendant contends it is, Plaintiff's financial situation would have been the same and he would still have filed bankruptcy. In other words, regardless of whether the deposit was held by Defendant lawfully or falsely, Plaintiff's financial situation and his decision to file bankruptcy would have been the same. As such, it could not have been the reliance on the "false" Refund Report that caused Plaintiff's bankruptcy filing. Plaintiff failed to show that reliance on the alleged misrepresentation was the cause of his alleged damages. Plaintiff also failed to state the amount of damages he sustained for the alleged misrepresentation.

Because Plaintiff has failed to plead facts in particularity to meet the standards of FRCP 9(b), the Court should dismiss the Second Cause of Action for intentional misrepresentation with no leave to amend.

d. **Plaintiff fails to state a claim for violation of California Civil Code 1950.05 *et seq.***

In support of the Third Cause of Action, Plaintiff again summarily concluded that Defendant falsely prepared the Refund Report and that the expenses charged against Plaintiff's deposit were not true or real. Plaintiff provided no facts as to why charging a cleaning fee would be in violation of the Civil Code 1950.5, or that the repairs and/or replacement of the stove was unnecessary or outside the purview of statute and thus in violation of Civil Code 1950.5. Nowhere in the FAC does the Plaintiff assert or explain the condition of the Premises when he vacated it to support the allegations that the cleaning or repair expenses were unnecessary or false. As such, Plaintiff cannot state a claim for violation of the California Civil Code 1950.5. The FAC should be dismissed without leave to amend.

e. **Plaintiff fails to state a claim for violation of Unfair and Deceptive Business Practices Act.**

Plaintiff seeks to recover damages for "unfair business practices" under the Unfair and Deceptive Business Practices Act under the California Business and Professions Code §17200. However, Cal. Business and Professions Code § 17204 provides

> [a]ctions for relief pursuant to this chapter shall be prosecuted *exclusively* in a court of competent jurisdiction by the Attorney General or a district attorney or by a county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or by a city attorney of a city having a population in excess of 750,000, or by a city attorney in a city and county or, with the consent of the district attorney, by a city prosecutor in a city having a full-time city prosecutor in the name of the people of the State of California upon their own complaint or upon the complaint of a board, officer, person, corporation, or association, or by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition. (Emphasis added.)

Plaintiff, who has not been injured by unfair competition, has not met the standing requirement to sue under Cal. Business and Professions Code § 17200 and thus, cannot plead any claim under this code section for which relief can be granted to him. The claim is pled improperly and should be dismissed with no leave to amend.

### f. Plaintiff fails to state a claim for breach of implied covenant of good faith and fair dealing.

Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing implied by the lease agreement between Plaintiff and Defendant because "defendants caused Plaintiff to be assaulted... defendants refused to give Plaintiff services as well as falsify the refund report given to Plaintiff ... they acted with the purpose, intent and desire to thwart the contract between the parties." FAC ¶ 54.

The FAC gives no facts surrounding the alleged assault other than the blanket statement that defendants allegedly assaulted Plaintiff "verbally and with their fists." Compl. ¶ 43. Plaintiff fails to provide adequate detail to identify the person who allegedly assaulted him so as to provide Defendant with adequate information to defend against the alleged incidents. Similarly, Plaintiff failed to give any details as to the particular services Defendant "refused to give Plaintiff" or which defendant failed to provide the services. Without any facts, Defendant is unable to defend itself against Plaintiff's vague claims that Defendant breach a covenant of good faith and fair dealing.

As stated, Plaintiff's allegation that Defendant falsified the Refund Report is also made without factual support, FAC is wanting of any assertion or explanation of the condition of the Premises when Plaintiff vacated it to support the allegations that the cleaning or repair expenses stated on the Refund Report is false or unnecessary.

*Twombly* "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Limestone Dev. Corp. v. Vill. Of Lemont, Ill.*, 520 F.3d 797, 802-03 (7th Cir. 2008) (citation omitted). Without adequate factual details to support a plausible claim for breach of implied covenant of good faith and fair dealing, the Fifth Cause of Action should be dismissed.

### g. Plaintiff fails to state a claim for intentional infliction of emotional distress.

"[T]o state a cause of action for intentional infliction of emotional distress a plaintiff must show: (1) outrageous conduct by the defendant; (2) the *defendant's* intention of

4813-1609-8673.1                              13

causing or reckless disregard of the possibility of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Trerice v. Blue Cross of America*, 209 Cal. App. 3d 878, 883 (1989). For conduct to be considered outrageous, "it must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Id.*

As to the alleged outrageous conducts, the Plaintiff states only that "defendants took up a campaign of harassing" and that the "property manager have his friends begin to harass Plaintiff as well." FAC ¶ 60. Plaintiff failed to provide any facts pertaining to the type, extent, or duration of the alleged harassment that could give rise to a plausible claim of outrageous conduct that would "exceed all bounds of that usually tolerated in civilized society." FAC was also silent on facts showing emotional distress. The conclusory assertion of emotional distress and the lack of any information concerning the type of harassment that took place warrant dismissal of the action. Without such information, Defendant cannot know which conduct it must defend against. Plaintiff has failed to aver a cause of action of intentional infliction of emotional distress properly. Thus, the Sixth Cause of Action should be dismissed.

### h. **Plaintiff failed to state a claim for negligent infliction of emotional distress.**

Negligent infliction of emotional distress is not an independent tort but the tort of negligence. *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989). Thus, all of the basic elements of negligence (duty, breach, causation and damage) apply and must be proven. *Id.* Duty can have three alternative origins: (1) a duty imposed on the defendant by law, (2) a duty assumed by defendant, or (3) a duty arising out of a preexisting relationship between plaintiff and defendants. *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072-1073 (1992).

Here Plaintiff fails to provide the factual or legal basis from which Defendant's alleged duty of "not to take actions against" him arises, and exactly what "actions" encompass such duty. Similarly, the FAC merely provided a conclusory statement that he suffers from severe emotional distress. FAC ¶ 70. Without stating a duty that is owed, causation, and the injury he sustained, Plaintiff cannot assert a plausible claim for the claim of negligent infliction of emotional distress and the claim should be dismissed.

Based on the foregoing fatal flaws of the factual averments of the FAC, the lack of bankruptcy court jurisdiction, the application of 28 U.S.C. § 1334(c)(2) and the Plaintiff's failure to execute proper service upon all Defendants within the prescribed time, Defendant requests that the proceeding be dismissed with prejudice and with no leave to amend.

## IV.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court enter an order:

(1) Granting this Motion in its entirety;

(2) Dismissing the FAC under Fed. R. Civ. Proc. 12(b)(1), (5) and/or (6) with no leave to amend;

(3) Granting mandatory abstention under 28 U.S.C. § 1334; and

(4) Granting such further relief as is just and appropriate.

DATED: September 10, 2018                LEWIS BRISBOIS BISGAARD & SMITH LLP


By:  /s/ Lovee D. Sarenas
LOVEE SARENAS
Attorney for Crstal Property Management, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

633 W. 5th Street, Suite 4000, Los Angeles, CA  90071

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), (5) AND (6); OR, ALTERNATIVELY, FOR ABSTENTION UNDER 28 U.S.C. § 1334(b)**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 10, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Chapter 13 Trustee....Nancy K Curry (TR)    TrusteeECFMail@gmail.com
Attorney for Defendant....Lovee D Sarenas    lovee.sarenas@lewisbrisbois.com
United States Trustee...United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 10, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 10, 2018 | Nancy Jasso | /s/ Nancy Jasso |
|---|---|---|
| Date | Printed Name | Signature |

4813-1609-8673.1                                                      1

## SERVICE LIST

**VIA U.S. MAIL:**

**DEBTOR/PLAINTIFF**          (PRO SE)
Edward Leon Guy, III
4301 Don Tomaso Drive, Apartment 3
Los Angeles, CA 90008


**THE HONORABLE VINCENT ZURZOLO**
United States Bankruptcy Court
Central District of California
Los Angeles Division
255 East Temple Street, Suite 1360
Lost Angeles, CA 90012

4813-1609-8673.1                    2